## Lowry, Trustee for Arthur H. Williams's Sons, *v.* Phila. Optical & Watch Co.

*Corporations—Insolvency—Execution—Receivers.*

A sheriff's sale of the property of an insolvent corporation will not be restrained in order that the property may be sold by a receiver appointed on the application of other creditors of the corporation.

Submitted on paper-books April 3, 1894.   Appeal, No. 405, Jan. T., 1894, by plaintiff, John C. Lowry, trustee for Arthur H. Williams's Sons, from order of C. P. No. 3, Phila. Co., Dec. T., 1893, No. 1004, restraining proceedings upon execution against defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.   Reversed.

Petition to restrain sheriff's sale.

From the record it appeared that on Jan. 11, 1894, judgment was entered by plaintiff on bond and warrant of attorney for $36,000 against the defendant.   On the same day execution was issued.   Subsequently, upon the petition of receivers appointed upon the application of other creditors who had no lien, an order was made restraining plaintiffs from proceeding with the execution, and directing the sheriff to surrender the property to the receivers, who were ordered to make sale.

*Error assigned* was above order.

*B. Frank Clapp* and *David W. Sellers*, for appellant, cited : Artman v. Giles, 155 Pa. 410 ; Hollins v. Coal & Iron Co., 150 U. S. 371 ; Kelly v. Herb, 157 Pa. 41 ; Taylor v. Carryl, 24 Pa. 259, affirmed in 20 How. 584.

*T. D. Finletter, Samuel M. Hyneman* and *Wm. W. Wiltbank*, for appellee.—The authorities cited by appellant do not apply, as this is a case of administration only, and the rights of judgment creditors are not prejudiced by the order.

The act of May 4, 1893, P. L. 29, gives jurisdiction.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 9, 1894 :

This case involves the same question that was recently considered and decided by us in Pairpoint Manufacturing Company against same defendant, No. 419 of this term. [Reported above, page 17.] For reasons given in the opinion of our brother FELL in that case we think the decree complained of should be reversed.

Decree reversed and set aside, with costs to be paid by the appellees.